# United States Court of Appeals for the Federal Circuit

---

**SUNKIST GROWERS, INC.,**
*Appellant*

**v.**

**INTRASTATE DISTRIBUTORS, INC.,**
*Appellee*

---

2024-1212

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91254647.

---

Decided: July 23, 2025

---

LEIGH LINDQUIST, Sughrue Mion, PLLC, Washington, DC, argued for appellant.

MICHAEL O. CUMMINGS, Cummings, McClorey, Davis & Acho, P.C., New York, NY, argued for appellee.

---

Before PROST, TARANTO, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Sunkist Growers, Inc. ("Sunkist") appeals from a decision of the United States Trademark Trial and Appeal

Board ("Board") dismissing Sunkist's opposition to Intrastate Distributors, Inc.'s ("IDI") applications to register the mark KIST in standard characters and the stylized mark **kist** for soft drinks. *Sunkist Growers, Inc. v. Intrastate Distribs., Inc.*, No. 91254647, 2023 WL 6442602 (T.T.A.B. Sept. 30, 2023) ("*Decision*"). The Board found no likelihood of confusion between IDI's marks and Sunkist's registered SUNKIST marks. *Id.* For the reasons set forth below, we reverse.

## BACKGROUND

This trademark case concerns kisses, sunlight, and soft drinks. The Board found that a consumer is not likely to confuse the mark KIST with the mark SUNKIST when used on or in connection with soft drinks because KIST is marketed to reference a kiss while SUNKIST is marketed to reference a sun.

The parties involved in this case are Sunkist and IDI. Sunkist offers and licenses a variety of products and services under the SUNKIST mark. *Decision*, 2023 WL 6442602, at *2. For at least ninety years, Sunkist has offered SUNKIST branded beverages directly to consumers or through licensees. *Id.* Sunkist owns multiple SUNKIST trademark registrations for fresh fruits, various beverages, and concentrates. *Id.* at *1. IDI is a bottling company of company-owned brands, private label products, and some regional brands. *Id.* at *3. In 2009, IDI purchased the KIST brand from Leading Edge Flavors, Inc., dba Leading Edge Brands ("LEB"). *Id.* at *2–3 & n.16. LEB used the KIST brand for canned soda products from at least 2000 to the 2009 purchase date. *Id.* at *3. LEB owned a trademark for KIST issued in 2003 and cancelled in 2013. *Id.* After purchasing the KIST brand, IDI used the KIST mark with canned soda products until 2014 and since then with glass-bottled nostalgia soda products and sparkling water products. *Id.*

In October 2019, IDI filed intent-to-use trademark applications to register the mark KIST in standard characters and the stylized mark **kist** both for "[s]oft drinks, namely, sodas and sparkling water; concentrates and syrups for making soft drinks." *Id.* at *1 & nn.1–2. Sunkist opposed the registration arguing likelihood of confusion between the KIST marks when used on or in connection with the goods described in the trademark applications and its SUNKIST registered marks.[1] To support its opposition, Sunkist submitted sixteen trademark registrations of its SUNKIST marks including standard character, stylized, and word and design marks. J.A. 55–56.

In September 2023, the Board issued its decision dismissing Sunkist's opposition. *Decision*, 2023 WL 6442602, at *1. The Board focused its analysis on the SUNKIST standard character mark for citrus flavored soft drinks, concentrates for making soft drinks, and citrus fruit products used as ingredients in soft drinks. *Id.* at *5. The Board analyzed the *DuPont* factors used in determining likelihood of confusion and found all the relevant factors except similarity of the marks and actual confusion favor likelihood of confusion. Specifically, the Board found (1) similarity of the goods;[2] (2) similarity of trade channels; (3) conditions of sale; and (4) strength of opposer's mark favor likelihood of confusion. *Id.* at *5–10. The Board,

---

[1] Sunkist also argued dilution of its marks but on appeal Sunkist does not challenge the Board's finding as to dilution.

[2] The Board found the parties' goods to be closely related because IDI's soda soft drink and concentrates for making soft drinks necessarily encompass Sunkist's more narrowly defined citrus flavored soft drinks and concentrates for making citrus flavored soft drinks. *Decision*, 2023 WL 6442602, at *5.

however, found similarity of the marks favors no likelihood of confusion because the marks have different commercial impressions and the appearance, sound, and connotation are superficially similar. *Id.* at *12. According to the Board, the commercial impressions are different because Sunkist markets its SUNKIST marks to reference a sun, but IDI markets its KIST marks to reference a kiss. *Id.* The Board also found actual confusion favors no likelihood of confusion because of the lack of any reported instances of confusion. *Id.* at *14. In sum, although the Board found that, among the *DuPont* factors it deemed relevant, a majority favor likelihood of confusion, the Board ultimately concluded that the similarity of the marks and actual confusion factors outweigh the other four factors. *Id.* As a result, the Board found that the KIST marks are not likely to cause confusion with the SUNKIST marks, *id.*, and dismissed Sunkist's opposition, *id.* at *18.

Sunkist timely appealed the Board's decision.[3] We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## Discussion

We review the Board's legal conclusions de novo and its underlying factual findings for substantial evidence. *In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003). Section 2(d) of the Lanham Act provides that the registration of a mark may be refused if it is "likely, when used on or in connection with the goods of the applicant, to cause confusion" with another registered mark. 15 U.S.C. § 1052(d); *see QuikTrip W., Inc. v. Weigel Stores, Inc.*, 984 F.3d 1031,

---

[3] During oral argument, we granted Sunkist's motion to file a supplemental appendix. Oral Arg. at 4:53–5:07, No. 24-1212, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=24-1212_05082025.mp3; *see* Appellant's Mot. to Supplement Joint Appendix (May 6, 2025), ECF No. 33.

1034 (Fed. Cir. 2021). "Likelihood of confusion is a question of law, based on findings of relevant underlying facts, namely findings under the *DuPont* factors." *M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1381 (Fed. Cir. 2006); *see In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 1361 (CCPA 1973). "We review the Board's factual findings on each relevant *DuPont* factor for substantial evidence, but we review the Board's weighing of the *DuPont* factors de novo." *QuikTrip*, 984 F.3d at 1034.

"The likelihood of confusion analysis considers all *DuPont* factors for which there is evidence of record but 'may focus . . . on dispositive factors, such as similarity of the marks and relatedness of the goods.'" *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265 (Fed. Cir. 2002) (alteration in original) (quoting *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336 (Fed. Cir. 2001)). "[I]f the parties' goods are closely related, a lesser degree of similarity between the marks may be sufficient to give rise to a likelihood of confusion." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368 (Fed. Cir. 2012). "This court resolves doubts about the likelihood of confusion against the newcomer because the newcomer has the opportunity and obligation to avoid confusion with existing marks." *Hewlett-Packard*, 281 F.3d at 1265 (citing *In re Shell Oil Co.*, 992 F.2d 1204, 1209 (Fed. Cir. 1993)).

On appeal, Sunkist challenges the Board's finding of no likelihood of confusion between the SUNKIST mark and the KIST mark.[4] Appellant's Br. 7, 8, 34.

---

[4] We need not address Sunkist's arguments regarding trade dress because we agree that substantial evidence does not support the Board's findings regarding similarity of the marks.

I

We first address the Board's *DuPont* factors analysis. The only factor really in dispute here is similarity of the marks because actual confusion is not a dipositive factor on its own and the Board found four other factors favor likelihood of confusion. The Board rested its decision regarding similarity of the marks on its finding of different commercial impressions—IDI markets KIST to reference a kiss but Sunkist markets SUNKIST to reference a sun. *See Decision*, 2023 WL 6442602, at *12. Hence, persons who encounter the marks would not "be likely to assume a connection between the parties." *Coach Servs.*, 668 F.3d at 1368. In reaching its decision that IDI markets KIST to reference a kiss, the Board first noted that the parties agree that KIST is phonetically equivalent to kissed. *Decision*, 2023 WL 6442602, at *11. The Board then relied on a lips image next to a KIST mark, shown below, to conclude that IDI markets KIST to reference a kiss. *Id.* at *12.




*Id.* We find no substantial evidence support for that finding.

First, the lips image is not part of the KIST mark. The KIST mark is not a design mark that includes a lips image that is always shown with the mark. Instead, IDI seeks to register the KIST mark in standard character and stylized forms. Second, not all the marketing materials with the KIST mark include a lips image. The Board cropped the image it relied on from a page of a marketing presentation exhibit attached to the declaration of IDI's CEO, Mr. Tim Dabish. *See* J.A. 2095. That same exhibit also contains other pictures and marketing materials that

notably do not contain the lips image. *See, e.g.*, J.A. 2090, 2097. Third, there is no indication of the degree of consumer exposure to the marketing materials containing the lips image. The record contains no evidence about whether the marketing materials with the lips image as opposed to the other marketing materials without the lips image is what is shown to consumers. In fact, the Dabish declaration does not provide any information that the lips image was on marketing materials actually shown to consumers as opposed to provided only to distributors and retail chains. *See* J.A. 1729–30 ¶¶ 11–12.

Fourth, the cropped image that the Board relied on is taken from a page of the marketing presentation that emphasizes different sparkling water flavors, not lips or a kiss. Indeed, the cropped image is located on the lower right section of the page and only makes up a small portion of the page. *See* J.A. 2095. The lips image is not a highlight or focus of the marketing material. The page displays the KIST mark on multiple bottles of different sparkling water flavors and lists out each of the different flavors. *Id.* None of the bottles include a lips image or reference a kiss. Other marketing materials in the exhibit containing the page relied on by the Board similarly emphasize flavors, as shown in the example below.




J.A. 2097; *see, e.g.*, J.A. 2090, 2093. The Dabish declaration does not mention lips or a kiss. In referencing the exhibit

containing the page relied on by the Board, the Dabish declaration merely states that the exhibit contains pictures of the KIST sparkling water products and that the sparkling water products are sold in several fruit-related flavors. *See* J.A. 1729 ¶ 9. The Board overly focused on the lips image shown in some of the marketing materials. Its finding that IDI markets KIST to reference a kiss is not supported by substantial evidence.

As for the Board's finding that Sunkist markets SUNKIST to reference the sun, we recognize that the record has many Sunkist products with the SUNKIST design mark containing the design that Sunkist describes in its trademark registrations as an image of a sun with rays. *Decision*, 2023 WL 6442602, at *12. But only two of the registrations Sunkist submitted with its opposition have that sun design. *See id.* at *1 & n.10, *2 n.11; J.A. 55–56. The majority of the registrations are standard character marks, and the Board mentioned that its focus was on the SUNKIST standard character mark because a finding of no likelihood of confusion with standard character marks would mean the same finding for the other forms. *See Decision*, 2023 WL 6442602, at *5. Importantly, the record also contains Sunkist products with the SUNKIST standard character mark without the sun design. *See, e.g.*, J.A. 977–98, 1147, 1150, 1169, 1640, 1642, 1648, 1650. The Board overly relied on the SUNKIST design mark in reaching its conclusion.

On this record, substantial evidence does not support the Board's finding that similarity of the marks favors no likelihood of confusion.

## II

We next address weighing of the *DuPont* factors. As previously noted, the Board found four *DuPont* factors in favor of likelihood of confusion. And here, we reject the Board's finding regarding similarity of the marks. That leaves only actual confusion in favor of no likelihood of

confusion. But the "failure to *prove* instances of actual confusion is *not* dispositive against a trademark plaintiff, because actual confusion is hard to prove." *VersaTop Support Sys., LLC v. Ga. Expo, Inc.*, 921 F.3d 1364, 1372 (Fed. Cir. 2019) (emphasis in original) (quoting *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1050 (9th Cir. 1999)). We therefore conclude that IDI's KIST marks when used on or in connection with the goods described in IDI's applications are likely to cause confusion with the registered SUNKIST mark. Accordingly, we reverse the Board's decision to dismiss Sunkist's opposition.

## CONCLUSION

We have considered IDI's arguments and find them unpersuasive. For the foregoing reasons, we reverse the Board's decision.

**REVERSED**